**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3224-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM WADE,

    Defendant-Appellant.

_____

> Submitted October 1, 2018 – Decided October 11, 2018
>
> Before Judges Sabatino and Mitterhoff.
>
> On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 12-03-0523.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief; Marilyn J. Tenpenny, Legal Assistant, on the brief).

PER CURIAM

Defendant William Wade appeals from the trial court's denial of his post-conviction relief ("PCR") petition without an evidentiary hearing. We affirm, substantially for the sound reasons expressed in Judge Joseph W. Oxley's June 2, 2015 written opinion.

We derive the following facts from the record. On December 23, 1987, following the commission of an armed robbery, defendant overtook a vehicle and fled from the police in a high speed chase. Defendant held a three-year-old child hostage at gunpoint inside the vehicle. On April 5, 1988, a grand jury returned a thirty-one count indictment, including a count of second-degree kidnapping of a minor in violation of N.J.S.A. 2C:13-1(b). On August 15, 1988, defendant pled guilty to second-degree kidnapping of a minor and other counts in the indictment. On September 9, 1988, in accordance with a plea agreement, the court sentenced defendant to a fifty-year custodial term with a twenty-five-year period of parole ineligibility.[1]

While defendant was incarcerated, the Legislature passed "Megan's Law," N.J.S.A. 2C:7-1 to -19, which required defendant to register as a sex offender for the kidnapping of a minor offense. See N.J.S.A. 2C:7-2. Defendant was

---

[1] After a remand from this court concerning the sentence, the judgment of conviction was amended in April 1990 to an aggregate custodial term of forty years with a twenty-year period of parole ineligibility.

released from prison on September 11, 2011.  On January 18, 2012, defendant was arrested for failing to register as required by Megan's Law.  On March 14, 2012, defendant was indicted for failure to register as a convicted sex offender in violation of N.J.S.A. 2C:7-2(a)(3).  On April 23, 2012, defendant pled guilty to this offense, acknowledging under oath that he had failed to register as a sex offender as required by Megan's law.  On July 27, 2012, in accordance with a plea agreement, the court sentenced defendant to a two-year term of probation conditioned upon 180 days in jail.

Thereafter, defendant violated conditions of probation and pled guilty to a violation of probation on August 9, 2013.  Because of defendant's repeated violations of probation, the court sentenced defendant to a 180-day custodial term on November 8, 2013.  At the sentencing hearing, defendant for the first time expressed to the court that he believed the registration requirements of Megan's Law did not apply to him because there was no sexual component in his kidnapping offense.

Defendant did not appeal his conviction for failure to register as a sex offender or the 180-day custodial sentence.  Instead, defendant filed a PCR petition alleging ineffective assistance of his former counsel.  After considering

the arguments without an evidentiary hearing, Judge Oxley issued his written opinion rejecting defendant's claims. Defendant appealed the denial of PCR.

On appeal, defendant raises the following points:

POINT I

THERE IS NO PROCEDURAL BAR TO THE DEFENDANT'S POST-CONVICTION RELIEF PETITION.

POINT II

TRIAL COUNSEL WAS INEFFECTIVE.

POINT III

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT IV

THE SENTENCE IS ILLEGAL.

Having considered the record in light of the applicable legal principles, we find no merit in defendant's arguments. The PCR judge's opinion is legally sound and well supported by the record. We add the following comments.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR petitioner carries

the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted).

First, we turn to PCR court's determination that defendant's contention that he did not have to register under Megan's Law is procedurally barred under Rule 3:22-4. Other than for enumerated exceptions,[2] Rule 3:22-4 bars a defendant from employing post-conviction relief to assert a claim that could have been raised at trial or on direct appeal. See State v. Nash, 212 N.J. 518, 546 (2013) ("A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal."). In this case, defendant could have raised the issue of whether Megan's Law's required registration when the underlying offense was not sexual in nature by moving to dismiss the

---

[2] The three enumerated exceptions are:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.
>
> [R. 3:22-4(a).]

indictment or on direct appeal of his conviction for failure to register as a sex offender. We therefore agree with the PCR court that this legal argument is procedurally barred by Rule 3:22-4(a).

Nonetheless, Rule 3:22-4(a)(2) contains an express exception for claims of ineffective assistance of counsel. Accordingly, as did the PCR court, we will address the merits of defendant's claim of ineffective assistance of counsel. See State v. Preciose, 129 N.J. 451, 460 (1992) ("Ineffective-assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding."). To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Defendant argues his prior counsel was deficient in failing to challenge the application of Megan's law to the non-sex crime of kidnapping. Defendant contends prior counsel should have moved to dismiss the indictment for failure to register as a sex offender to preserve the issue for appellate review. However, the law is settled that Megan's law requires registration for all offenses

enumerated under the statute, even if they are not sexually motivated or sexual in nature. See In re T.T., 188 N.J. 321, 333 (2006) ("[A]lthough the Legislature has used the term 'sex offender' as a catchall description for all those who commit Megan's Law offenses, the statute specifically denominates certain acts that have no sexual component as 'sex offenses' subject to its purview."); N.J.S.A. 2C:7-2(b)(2) (defining "sex offense" to include a conviction for kidnapping pursuant to N.J.S.A. 2C:13-1).[3] Additionally, at the sentencing hearing for defendant's failure to register as a sex offender conviction, his counsel argued for leniency in sentencing because there was no sexual component in defendant's prior activities. For these reasons, we conclude that defendant has failed to establish that his counsel was constitutionally deficient.

We also reject defendant's argument that his sentence was illegal because the application of Megan's law registration requirement to a non-sex offense is unconstitutional. An illegal sentence is one that "exceeds the maximum penalty provided in the Code for a particular offense" or a sentence "not imposed in

_____

[3] As defendant notes, this court previously rejected the application of Megan's Law's registration requirements when the underlying offense was kidnapping of a minor. In re Registrant T.S., 364 N.J. Super. 1, 10 (App. Div. 2003) (recognizing that "there must be a sex offense . . . to trigger applicability of Megan's Law"). The Supreme Court in T.T., however, overruled T.S. to the extent it "may be read as conflicting" with its conclusions. 188 N.J. at 334.

accordance with law." State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). In this case, defendant's conviction was in accordance with T.T., and the penalty was authorized by N.J.S.A. 2C:7-2. See N.J.S.A. 2C-7-2(a)(3) (stating "[a] person who fails to register as required under this act shall be guilty of a crime of the third degree"); N.J.S.A. 2C:43-6a(3) (providing for a sentence of a term of incarceration between three and five years for third-degree crimes).

The PCR judge did not misapply his discretion in denying an evidentiary hearing, as defendant failed to establish a prima facie basis for relief. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."). The remaining issues raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3224-16T4